IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GERALD DAVIDSON, | : |
| Plaintiff, | : |
| v. | : Case No. 7:25-cv-22-LAG-ALS |
| MS. FNU BRYANT, *et al.*, | : |
| Defendants. | : |

**ORDER & RECOMMENDATION**

I.   Background

Plaintiff, Gerald Davidson, an inmate at Valdosta State Prison in Valdosta, Georgia, filed a document that was docketed in this Court as a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff, however, did not submit his pleading on the required § 1983 complaint form, pay the filing fee, or move for leave to proceed *in forma pauperis*. Therefore, Plaintiff was ordered to (1) recast his complaint on a standard form and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. (Doc. 4). Plaintiff was given fourteen days to complete these actions and was cautioned that his failure to fully and timely comply may result in the dismissal of this case. *Id*.

The time to respond passed and Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*. Instead, he submitted two letters to the Court asserting that he was waiting on a disability payment from the Department of Veterans Affairs. (Docs. 5, 7). Plaintiff's letters asserting that he would pay the fee sometime in the future did not comply with the Order to either pay the filing fee or move for leave to proceed *in forma pauperis*.

Additionally, Plaintiff failed to comply with portions of the Court's Order requiring him to recast his Complaint. Although Plaintiff did file a recast complaint on the proper form within the allotted time, he did not otherwise follow the Court's instructions when he filed the recast complaint. (*See* Doc. 6). In particular, the Order to Recast clearly informed Plaintiff that the recast complaint was to take the place of his original complaint such that he must include all factual allegations in the new complaint. (Doc. 4, at 2).

Rather than setting out his factual allegations in the Recast Complaint, Plaintiff referred the Court back to his previously filed Complaint, stating that he was reasserting his claims for deliberate indifference to a serious medical need against Ms. Bryant and Mr. Al Jones. (Doc. 6, at 5). Plaintiff included no information in his Recast Complaint about what these defendants did or did not do that he believed violated his rights. *See id.* Moreover, in his caption and list of defendants, Plaintiff included additional defendants, but he did not make any allegations in his statement of facts linking these defendants to any of his claims. *Id.* at 1, 4-5. Thus, Plaintiff did not follow the Court's instructions to set forth all relevant facts and link all defendants to his claims in the Recast Complaint.

Because Plaintiff did not comply with the Court's order, the undersigned ordered Plaintiff to respond and show cause to the Court why this case should not be dismissed for failure follow the Court's order to either pay the filing fee or move for leave to proceed *in forma pauperis* and to recast his complaint, setting forth all relevant allegations in the new complaint. (Doc. 9). Plaintiff was further ordered that, along with any response to the show cause order, he still must also comply with the previous order to either pay the filing fee or move for leave to proceed *in forma pauperis* and to file a recast complaint. *Id.* at 4. Plaintiff was given fourteen days to file his response and

was cautioned that his failure to fully and timely respond would likely result in the dismissal of this action.[1] *Id.*

The show cause Order was entered on June 6, 2025. (Doc. 9). On June 11, 2025, a filing was docketed in this case as a response to the show cause Order. (Doc. 10.) Plaintiff signed this filing on May 14, 2025, before the show cause Order was entered, and it does not address that Order. *See generally id.* Thus, the June 11, 2025 filing that was signed on May 14, 2025 is not a response to the show cause Order. It does, however, partially address the filing fee issue. *See id.* Additionally, Plaintiff has filed a motion to proceed *in forma pauperis*, a motion to prevent the destruction of his Bible, and a motion to enforce due process rights. (Docs. 11, 12, 13). Plaintiff's pending filings are addressed below.

II.     Motion to Proceed *In Forma Pauperis*

In the filing that was docketed as a response to the show cause Order, Plaintiff asserts that the Department of Veteran's Affairs cancelled the disability award that he intended to use to pay the filing fee in this case. (Doc. 10, at 1). Thus, Plaintiff expresses his intent to file a motion to proceed *in forma pauperis* and asks for a thirty-day extension of his time to do so. *Id.* At the same time, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 11). Therefore, his request for an extension is **DENIED AS MOOT**.

Although Plaintiff has filed a motion to proceed *in forma pauperis*, this motion is incomplete. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period

---

[1] The Court also deferred consideration of Plaintiff's "motion for summary judgment" (Doc. 8) pending receipt of Plaintiff's response to the show cause Order. (Doc. 9, at 4 n.2).

3

immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Here, Plaintiff failed to submit a certified copy of his trust fund account statement.

Accordingly, Plaintiff is again **ORDERED** to submit a proper motion to proceed *in forma pauperis*, which should include a certified copy of his trust fund account statement. In an attachment to his motion to proceed *in forma pauperis*, Plaintiff asserts that he has "submitted the necessary paperwork to [the] bookkeeping department" but has not received any response. (Doc. 11-2, at 1). Therefore, Plaintiff is instructed to show the appropriate corrections official this Order when submitting his written request for a certified account statement. If the corrections official refuses to promptly provide Plaintiff with the account statement, Plaintiff must notify the Court in writing of (1) the name of the authorized corrections official from whom he requested the account statement; (2) the date he made such request; and (3) the date that he was notified that the corrections official would not promptly provide the account statement. If Plaintiff receives notification in writing from the corrections official regarding an inability or refusal to pay the filing fee to the Court, Plaintiff must provide the Court with a copy of this notification. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his new motion with a certified account statement or submit his written notice regarding his efforts to obtain the account statement.

III.    Recast Complaint

As discussed above, Plaintiff has not responded to the Order to show cause or complied with the portions of the Court's previous orders relating to the Complaint. As Plaintiff has filed other motions in this case, which indicate that he is attempting to proceed with his claims, he will now be given one <u>final</u> opportunity to file a recast complaint that complies with the Court's orders. To that end, Plaintiff is **ORDERED** to file a recast complaint consistent with the Court's orders if

4

he wants to proceed with this case. If Plaintiff files a recast complaint that again does not comply with the Court's orders, the undersigned will recommend that this case be dismissed.

Specifically, in filing the recast complaint, Plaintiff must completely and truthfully answer all questions on the complaint form, including all questions regarding his past litigation. Additionally, Plaintiff must include a statement of facts consistent with this Court's orders. **Plaintiff is not to refer back to his previous complaints, as any recast complaint will take the place of all previously filed complaints**. Thus, in the recast complaint, Plaintiff must fully set forth any factual allegations that are necessary for the Court's consideration of his claims. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint.

### IV.     Motions for Summary Judgment and to Enforce Existing Rights

Plaintiff filed a document titled a motion for summary judgment and for judgment on the pleadings. (Doc. 8). In this motion, Plaintiff asserts that he mailed a copy of his Complaint to the Risk Management Department of the Department of Corrections but that no one from that department signed the certified mail receipt. *Id.* at 1. Plaintiff contends that, by failing to acknowledge receipt of the complaint or file a responsive pleading, the Risk Management Department has waived its right to answer. *Id.* Thus, Plaintiff asserts he is entitled to a judgment in his favor because of this waiver. *Id.*

Plaintiff further asserts in the motion that he mailed a copy of the Complaint to the Attorney General of Georgia, who also has not filed a responsive pleading. *Id.* at 2. Plaintiff contends that the Attorney General has therefore also waived the right to answer and that Plaintiff is therefore entitled to judgment in this case. *Id.* Based on his allegations and request for relief in the motion, the Court construes this filing as a motion for default judgment. *See* Fed. R. Civ. P. 55.

5

Plaintiff has also filed a second motion asserting that the Defendants have not filed an answer or other pleading in this case. (Doc. 13, at 1). Thus, he asks that he be awarded damages as requested in his original Complaint. *Id.* at 2. This motion is also properly construed as a motion for default judgment.

Because Plaintiff is a prisoner seeking to proceed against a government official, his complaint is subject to a preliminary review pursuant to 28 U.S.C. § 1915A. As Plaintiff has not complied with the Court's Order to recast his Complaint, the preliminary review has not yet been conducted and no defendant has been served.[2] Because Defendants have not been served, there is no basis to enter default or default judgment against them. Therefore, it is **RECOMMENDED** that these motions (Docs. 8, 13) be **DENIED**.

V.   Motion for Injunctive Relief

Plaintiff has also filed a motion for injunctive relief asserting that prison authorities are requiring him to send his hardback Bible and other books home or the books will be destroyed. (Doc. 12). Plaintiff seeks an order that his Bible be returned to him. *Id.* at 1. Plaintiff also requests monetary damages relating to the Bible and other property he says was taken from him. *Id.* at 1-2.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is

---

[2] Plaintiff suggests that he served Defendants by mailing them copies of the Complaint by certified mail. Even if Plaintiff's Complaint was not subject to § 1915's preliminary review requirement, this mailing does not satisfy the requirements for service set forth in Fed. R. Civ. P. 4(c).

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Here, Plaintiff has not yet filed a Recast Complaint that complies with the Court's orders in this case, and Plaintiff's allegations in his motion do not appear to relate to any of the claims that Plaintiff attempted to raise in his initial or recast complaints. Thus, the factors do not weigh in favor of granting injunctive relief. Moreover, to the extent he seeks monetary damages, that request is not proper in relation to this motion.[4] Therefore, it is **RECOMMENDED** that this motion (Doc. 12) be **DENIED**.

   VI.   Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

---

[4] If Plaintiff wants to include these allegations as a claim in his recast complaint, he may do so. Plaintiff should be aware, however, that if such claims are not properly joined under Fed. R. Civ. P. 20 or if they do not state a claim for relief, they may be subject to dismissal.

VII.    Conclusion

Therefore, as set forth above, Plaintiff's request for an extension of time (Doc. 10) is **DENIED AS MOOT**, and Plaintiff is **ORDERED** to file a new motion to proceed *in forma pauperis* with a certified account statement or to provide the Court with the information required in this order. Plaintiff is also **ORDERED** to file a recast complaint consistent with this Court's orders. Plaintiff shall have **FOURTEEN (14) DAYS** to file his new motion and recast complaint. Plaintiff's failure to fully and timely comply with this Order will likely result in the dismissal of this case. Additionally, it is **RECOMMENDED** that Plaintiff's pending motions seeking default judgment (Docs. 8, 13) and injunctive relief (Doc. 12) be **DENIED**.

The clerk is **DIRECTED** to forward to Plaintiff copies of the Order to Recast (Doc. 4) and Order to show cause (Doc. 9), along with a 42 U.S.C. § 1983 prisoner complaint form and a motion to proceed *in forma pauperis* with an account certification form (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and RECOMMENDED**, this 11th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE